**Roger SIMMONS, Plaintiff,**

v.

**William HONRATH, Defendant.**

No. 94–C–1243.

United States District Court,
E.D. Wisconsin.

March 20, 1995.

Roger W. Simmons, Walworth, WI, pro se.

Mark Vannucci, Deputy Corp. Counsel, Racine County, Racine, WI, for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Pro se plaintiff Roger Simmons commenced this action under 42 U.S.C. § 1983 with the filing of a complaint on November 9, 1994. On November 30, 1994, the defendant filed a motion to dismiss the plaintiff's complaint and his action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

On January 10, 1995, the court sent a letter to the plaintiff informing him that, if he did not file a response to the defendant's motion to dismiss by January 27, 1995, his action would be dismissed for lack of diligence under Local Rule 10.03. On February 6, 1995, the court received an undated letter from the plaintiff, postmarked January 26, 1995, which the plaintiff titled as "a response to the defendants motion to dismiss." Despite its title, the plaintiff's letter does not appear to respond to the defendant's motion, as it does not make any attempt to refute the arguments contained in the defendant's motion. Moreover, it does not appear that a copy of the letter was served upon the defendant. However, considering the plaintiff's pro se status, I will not dismiss his action pursuant to Local Rule 10.03. I will instead address the defendant's motion.

## I. BACKGROUND

Mr. Simmons' complaint contains a very brief discussion of his wife's alleged abuse of their children following their marriage on March 4, 1981. Specifically, the plaintiff alleges that his wife punched, slapped, and otherwise abused their three children. Mr. Simmons claims that he asked his wife to stop abusing the children, but she refused to do so.

The plaintiff avers that he spanked "[his] son Brian" on one occasion and left a bruise on his son's thigh. Mr. Simmons claims that his wife reported this incident to authorities and, as a result, he was arrested and charged with physical abuse. He alleges that he accepted a plea bargain to the abuse charge and "served 30 days in a huber [sic] facility, ... had a 6 month sentence stayed and was required to have 18 months of probation." The plaintiff claims that as a part of the plea bargain, he "was forced to agree to a no contact order with [his] children."

Mr. Simmons avers that he has been deprived of access to his children since April 4, 1992. The plaintiff alleges that, during his period of probation, he filed a pro se motion to obtain visitation with his children. He claims that "[t]he court set up visitation for me with my children and the probation officer was not available to give me a final approval just prior to seeing my children." Mr. Simmons avers that he went to see his children, and that his wife had him arrested "on the next date when [he] had to see her."

The plaintiff alleges that his motion for visitation was dismissed. He claims that he filed a second motion on March 4, 1994, and that on March 24, 1994, the motion was heard by "FCC William Honrath." Mr. Simmons avers that Mr. Honrath denied his second motion "and found that nothing had changed and found that [he had] not cooperated in the past." The plaintiff claims that the defendant failed to inform him of "community service providers such as the DADD organization, pursuant to Wis.Stats. § 767.081" thereby closing "the door to the court system on [him]."

As relief, Mr. Simmons asks this court to "find that William Honrath violated my civil rights by not telling me about the community service providers such as the DDAD organization as required by state law." The plaintiff also requests costs and fees.

In his motion to · dismiss, the defendant asserts two bases for dismissal of the plaintiff's complaint. First, the defendant claims that the plaintiff has failed to allege any elements of a 42 U.S.C. § 1983 claim. Second, the defendant claims that he is entitled to absolute immunity from this action under the doctrine of judicial immunity.

## II. ANALYSIS

Pursuant to Rule 12(b)(6), a party may file a motion to dismiss "for failure to state a claim upon which relief can be granted." Dismissal is proper only if the court determines that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to re-

lief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *R.J.R. Services, Inc. v. Aetna Casualty and Surety Co.,* 895 F.2d 279, 281 (7th Cir.1989) (citations omitted).

The court is obligated to accept as true all well-pleaded factual allegations and any reasonable inferences drawn therefrom. *Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988). The plaintiff's pro se allegations must be given a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law violated the plaintiff's rights under the Constitution or laws of the United States. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988). The defendant contends that the plaintiff has failed to allege that he was acting under the color of state law.

The plaintiff's complaint asserts a claim against the defendant for the defendant's actions during a hearing on a motion filed in state court by the plaintiff. The plaintiff also refers to the defendant as "FCC William Honrath." "FCC" is apparently an abbreviation for "family court commissioner." A family court commissioner is a subordinate judicial officer appointed pursuant to state law. *See* Wis.Stats. § 767.13. Liberally construing the plaintiff's complaint, I believe that it contains sufficient allegations that the defendant was acting under the color of state law.

As stated above, the plaintiff must also allege that the defendant violated his rights under the Constitution or laws of the United States; he has failed to do so. A violation of state law is not itself a violation of the Constitution. *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989). Hence, Mr. Simmons' allegation that the defendant violated state law fails to state a claim under § 1983.

It is possible that the plaintiff may be attempting to assert that Mr. Honrath's actions violated his due process rights. State law may be the basis for a federal constitutional claim if the state law creates a property right. *Id.* However, there are no allegations that the state law at issue, Wis.Stats. 767.081, creates a property right. Where state law establishes procedural entitlements, the entitlements themselves are not property and they will not be enforced in the name of the Constitution. *Id.* "[A]n error of state law is not a denial of federal due process." *Azeez v. Fairman,* 795 F.2d 1296, 1299 (7th Cir.1986). State courts are the appropriate institutions to enforce state rules. *Archie,* 847 F.2d at 1217.

The plaintiff's complaint fails to contain any allegations to show a violation of either the Constitution or of federal law. Hence, he has failed to state a claim under § 1983 upon which relief can be granted. Because I conclude that the plaintiff's complaint fails to state a claim for relief under § 1983, I need not address the defendant's argument that he is entitled to immunity from this action.

### ORDER

Therefore, IT IS ORDERED that the defendant's motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, be and hereby is granted.

IT IS ALSO ORDERED that the clerk of court be and hereby is directed, pursuant to Rule 58, Federal Rules of Civil Procedure, to enter judgment dismissing this action, without prejudice.